IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00059-MR

| | |
|---|---|
| **FODS, LLC,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **LOW IMPACT TECHNOLOGIES** ) <br> **USA, INC. and D&D** ) <br> **MANUFACTURING, LLC,** ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Seal On Consent [Doc. 19].

**I.    PROCEDURAL BACKGROUND**

On March 8, 2023, Plaintiff FODS, LLC, filed a Complaint in this Court against Defendants Low Impact Technologies USA, Inc. and D&D Manufacturing, LLC, asserting claims of patent infringement. [Doc. 1]. Attached to the Complaint were a number of exhibits, including two contracts entered into by the parties. [Docs. 1-3, 1-4]. The parties ultimately settled and stipulated to a dismissal of all claims without prejudice on August 21, 2023. [Doc. 17].

The Plaintiff now moves for this Court to seal the contracts attached to the Plaintiff's Complaint [Docs. 1-3, 1-4] on the grounds that such documents contain "confidential information that is business sensitive regarding business activities of Plaintiffs and Defendants." [Doc. 20 at 1]. The Defendants have consented to the Plaintiff's Motion. [Id. at 2].

## II. DISCUSSION

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable

opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed its motion on November 1, 2023, and it has been accessible through the Court's electronic case filing system since that time. The Plaintiff, however, has not demonstrated that the subject contracts contain sensitive information and that the public's right of access to such information is substantially outweighed by the Plaintiff's competing interest in protecting the details of such information. Instead, the Plaintiff makes vague and general assertions about the sensitivity of the documents.

Furthermore, these documents have been available on the public docket since the case was filed over eight months ago. The Plaintiff, however, offers no explanation as to why a Motion to Seal did not accompany the original complaint or how the circumstances have changed over the past months that these documents now need to be sealed. For all these reasons, the Court will deny the Plaintiff's motion to seal.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal On Consent [Doc. 19] is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: November 16, 2023

Martin Reidinger
Chief United States District Judge